UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DOUGLAS SEVILLE,

        Plaintiff

  v.

PAUL J. STOWITZKY, Warden of
S.R.F.C. Mercer, *et al.*,

        Defendants

CIVIL ACTION

No. 08-3315

**MEMORANDUM**

Before the court are plaintiff's motion to remand and defendants' response. *See* Docket Nos. 7, 11. According to the complaint, plaintiff Douglas Seville is currently incarcerated at State Correctional Facility Mercer in Mercer, PA. *See* Docket No. 1 at 7. Mr. Seville filed his original complaint pro se in the Philadelphia Court of Common Pleas on November 5, 2007. That court granted plaintiff leave to proceed *in forma pauperis* on February 21, 2008. Defendants filed their answer to plaintiff's complaint on February 25, 2008. On July 15, 2008, defendants filed their notice of removal with this court. *See* Docket No. 1. For the reasons that follow, this court will grant plaintiff's motion to remand. An appropriate order follows.

The Removal Statutes, 28 U.S.C. §§ 1441-1452, govern the removal of a state court case to a federal district court. Defendants removed the instant matter to this court in compliance with

1

the substantive requirements of 28 U.S.C. § 1441[1] and the procedural requirements of 28 U.S.C. § 1446(a).[2]

Under 28 U.S.C. § 1446(b), a motion for removal must be timely filed. § 1446(b) provides, in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Defendants were thus required to file their notice of removal within thirty days of being served with plaintiff's complaint.

Defendants answered plaintiff's complaint on February 25, 2008. Defendants did not file their notice of removal until more than four months later. Defendants state in their brief that "as a result of inter-agency miscommunication, [defendants] indeed filed for removal beyond the statutory 30 day period." Defendants therefore did not comply with 28 U.S.C. § 1446(b).

---

[1] Plaintiff's complaint alleges claims under 42 U.S.C. § 1983. Accordingly, plaintiff's case is removable pursuant to 28 U.S.C. § 1441(b), which provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."

[2] § 1446(a) states:

> A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

The timeliness requirements for plaintiff's motion to remand are governed by 28 U.S.C. § 1447(c), which provides, in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).

This court's electronic filing system assigned plaintiff's motion to remand a "date filed" of August 26, 2008, 42 days after defendants had filed their removal notice.

There is no dispute that defendants' notice of removal was untimely filed. Untimely filing warrants remand, and defendants have given no compelling explanation for their late filing. The issue for this court to resolve is whether Mr. Seville waived this court's authority to remand his case.

"[I]t is well-established that an untimely filed removal notice" is a "nonjurisdictional defect" that is "waived if not objected to within the thirty-day window afforded by 28 U.S.C. § 1447(c)." *Calloway v. Boro of Glassboro Dept. of Police,* 89 F. Supp. 2d 543, 549 n. 13 (D.N.J. 2000) (citing *Air-Shields, Inc. v. Fullam*, 891 F.2d 63, 65 (3d Cir.1989)).

In this Circuit, "[w]e have become accustomed to dealing differently, and more liberally, with litigants who appear Pro se." *Cervase v. Office of Federal Register,* 580 F.2d 1166, 1179 (3d Cir. 1978) (Garth, J., dissenting) (citing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Under *Estelle,* it is settled law that pro se complaints are to be "liberally construed" and "held to 'less stringent standards than formal pleadings drafted by lawyers.'" 429 U.S. at 106 (citations omitted).

In *Houston v. Lack*, the Supreme Court held that an incarcerated pro se litigant had timely filed a notice of appeal when that notice was delivered to prison officials three days before the

30-day filing deadline, even though the notice itself was ultimately filed with the court later than the formal deadline. 487 U.S. 266 (1988). *Houston* noted that although Federal Rules of Appellate Procedure 3(a) and 4(a)(1) "specify that the notice should be filed 'with the clerk of the district court'" within thirty days, that specification does not resolve the issue of "whether the moment of 'filing' occurs when the notice is delivered to the prison authorities or at some later juncture in its processing." *Id.* at 272-73 (citations omitted). Explaining its holding that filing is effective on delivery by the prisoner to a prison official, the Court gave a lengthy exposition of the challenges faced by incarcerated pro se litigants who are trying to meet filing deadlines:

> The situation of prisoners seeking to appeal without the aid of counsel is unique. Such prisoners cannot take the steps other litigants can take to monitor the processing of their notices of appeal and to ensure that the court clerk receives and stamps their notices of appeal before the 30-day deadline. Unlike other litigants, pro se prisoners cannot personally travel to the courthouse to see that the notice is stamped "filed" or to establish the date on which the court received the notice. Other litigants may choose to entrust their appeals to the vagaries of the mail and the clerk's process for stamping incoming papers, but only the pro se prisoner is forced to do so by his situation. And if other litigants do choose to use the mail, they can at least place the notice directly into the hands of the United States Postal Service (or a private express carrier); and they can follow its progress by calling the court to determine whether the notice has been received and stamped, knowing that if the mail goes awry they can personally deliver notice at the last moment or that their monitoring will provide them with evidence to demonstrate either excusable neglect or that the notice was not stamped on the date the court received it. Pro se prisoners cannot take any of these precautions; nor, by definition, do they have lawyers who can take these precautions for them. Worse, the pro se prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay. No matter how far in advance the pro se prisoner delivers his notice to the prison authorities, he can never be sure that it will ultimately get stamped "filed" on time. And if there is a delay the prisoner suspects is attributable to the prison authorities, he is unlikely to have any means of proving it, for his confinement prevents him from monitoring the process sufficiently to distinguish delay on the part of prison authorities from slow mail service or the court clerk's failure to stamp the notice on the date received. Unskilled in law, unaided by counsel, and unable to leave the prison, his control over the processing

> of his notice necessarily ceases as soon as he hands it over to the only public officials to whom he has access-the prison authorities-and the only information he will likely have is the date he delivered the notice to those prison authorities and the date ultimately stamped on his notice.

*Id.* at 270-72. *Houston* demonstrates that "the Judiciary may, in certain unique situations, deem a jurisdictional requirement to have been met in specific contexts where strong policy concerns weigh in favor of doing so." *Gutierrez v. Gonzales,* 125 Fed. Appx. 406, 414 (3d Cir. 2005) (holding that a habeas petitioner had satisfied the "custody" requirement of 28 U.S.C. § 2241 even where the petitioner had already been removed from the United States).

Although plaintiff's motion to remand was marked "filed" by the Eastern District of Pennsylvania's electronic filing system on August 26, 2008, it was signed and dated on August 8, 2008.[3] August 8, 2008 was fewer than thirty days from the date defendants filed their notice of removal on July 15, 2008. If this court considers plaintiff's remand motion to have been made at the time of its signing, then that motion was timely. Even if this court were to treat August 8, 2008 not as a date of service but rather as a date of probable mailing, the motion would still have arrived well before the expiration of the thirty days plaintiff had to file.

Douglas Seville is incarcerated and appearing pro se. The same policy concerns that animated the Court in *Houston v. Lack* and *Estelle v. Gamble* apply with equal strength to the

---

[3] This court cannot determine from the signature who exactly signed the motion to remand. The motion itself states, beneath the signature, that the motion was prepared by a "Neighborhood Assistance NON-ATTORNEY" and is dated "8-8-08." *See* Docket No. 7 at p. 5. Attached to the motion, however, is a Certificate of Service clearly signed by the plaintiff, Douglas Seville, and dated "8/8/08." *See id.* at p. 11. Defendants have challenged neither the identity nor the date of the signature on the motion to remand. Defendants do, however, erroneously state that plaintiff filed his motion "on August 28, 2008 . . . fourteen days late." *See* Docket No. 11. In fact, plaintiff's motion was entered into this court's electronic filing system on August 27, 2008, and its "date filed" is marked as August 26, 2008.

instant matter.[4] Like the Federal Appellate Rules of Procedure at issue in *Houston*, § 1447(c) does not specify when the moment of filing occurs. Moreover, the statute requires only that plaintiff's motion to remand "must be *made*" – not filed – "within 30 days after the *filing* of the notice of removal." 28 U.S.C. § 1447(c) (emphasis added).[5] Finally, this court takes note that defendants filed their removal notice egregiously late without any reasonable justification.

Thus, in consideration of *Estelle's* instructions that this court liberally construe pro se pleadings, *Houston's* observations regarding the filing difficulties faced by incarcerated pro se litigants, and the language of 28 U.S.C. § 1447(c), this court holds that plaintiff's motion to remand was timely made. Defendants' untimely removal notice is therefore grounds for remand.

Accompanying this memorandum is an order of remand.

March 17, 2009                                                   Louis H. Pollak

Date                                                                                             Pollak, J.

---

[4] A minor difference between *Houston v. Lack* and this case is that, strictly speaking, the instant matter does not hinge on whether this court can claim jurisdiction, but rather concerns whether this court will have "'exceeded [its] statutorily defined power'" by divesting itself of jurisdiction. *See Air-Shields*, 891 F.2d at 66 (citation omitted). Because jurisdiction is itself a matter of whether a court has exceeded its statutorily defined power, this difference is of little moment.

[5] Local Rule of Civil Procedure 5.1.2(4)(c) states that "[e]xcept in the case of documents first filed in paper form and subsequently submitted electronically under Section 2 above, a document filed electronically is deemed filed at the time and date stated on the notice of electronic case filing from the court." Local Rule 5.1.2(2)(c) (i.e. "Section 2 above") states that those who are not users of the electronic case filing system "are not required to file pleadings electronically and other papers in a case assigned to the system." Mr. Seville is not a registered user of the electronic case filing system. Local Rule 5.1.2 ("Electronic Case Filing") does not address when a motion is "made" as opposed to "filed."

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS SEVILLE,<br><br>　　　　Plaintiff<br><br>　v.<br><br>PAUL J. STOWITZKY, Warden of S.R.F.C. Mercer, *et al.*,<br><br>　　　　Defendants | CIVIL ACTION<br><br>No. 08-3315 |

**ORDER**

　　　AND NOW, this   17   day of March, 2009, upon review of defendants' notice of removal and plaintiff's motion to remand, it is hereby **ORDERED** that this case is **REMANDED** to the Philadelphia Court of Common Pleas.

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Louis H. Pollak
　　　　　　　　　　　　　　　　　　　　　　　　Pollak, J.

Case 2:08-cv-03315-LP   Document 17   Filed 03/17/09   Page 8 of 8